IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MOONEYHAM LURES, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. 9:06cv28 |
| | § | |
| EBSCO INDUSTIRES, INC. and | § | |
| YUM BAITS COMPANY | § | JURY DEMANDED |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND APPLICATION FOR INJUNCTION**

Judge Clark

Plaintiff complains of Defendants as follows:

**I.**

**PARTIES**

1.   Plaintiff MOONEYHAM LURES, INC. ("MOONEYHAM") is a Texas Corporation having its principal place of business at 4217Canyon Drive, Amarillo, Texas 79109.

2.   Defendant EBSCO INDUSTRIES, INC. ("EBSCO") is a Delaware corporation doing business in Texas and may be served with process by serving its Registered Agent CT Corporation System, 350 North St. Paul St., Suite 2900, Dallas, TX 75201.

3.   Defendant YUM BAITS COMPANY ("YUM") is a foreign corporation organized and existing under the laws of State of Arkansas. This Defendant may be served with process by serving the Secretary of State, ROGER WILLIAMS, as its agent for service at P.O. Box 12887, Austin, Texas 78711-2887.

**II.**

**JURISDICTION AND VENUE**

4. This Court has personal jurisdiction over the Defendants because of their activities in the State of Texas and within the Eastern District of Texas.

5. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1338(a),(b) because Plaintiff's claims arise under federal laws relating to patents and unfair competition.

6. Venue is proper in the United States District Court for the Eastern District of Texas, Lufkin Division pursuant to 28 U.S.C. § 1400(b) because Defendants have committed acts of patent infringement in this district.

### III.

### FACTS

7. MOONEYHAM manufactures a soft fishing lure known as the "Mad Man" crawfish tube and sells the lure into the retail market through various retail stores. The "Mad Man" lure is distinguishable because of its white mold with black flakes to create a speckled design. The "Mad Man" lure is also distinguishable because of its shape in the fanciful or ornamental design of a crawfish. The "Mad Man" lure is package in a plastic bag suitable for end cap or other hanging display and is in a distinctive clear bag for displaying the lures, the bag have red, black and white label and print material imprinted thereon. The "Mad Man" lure and bag provide a unique trade dress for attracting consumers to the MOONEYHAM product.

8. MOONEYHAM is the assignee of United States Design Patent No.: D457,219, ("the '219 Patent") issued on May 14, 2002. The '219 Patent covers the ornamental design for a fishing lure and specifically covers a fanciful crawfish design. The design covered by the '219 Patent is the same as the lure design incorporated in the "Mad Man" crawfish lure. A copy of the '219 Patent is attached hereto as Exhibit A.

9. EBSCO and YUM sell a "Crawbug" lure which is almost identical to the "Mad Man" lure. One version of the "Crawbug" lure is designated as a "white pepper" lure and is made of a white mold with black flakes. The white pepper "Crawbug" lure of Defendants is indistinguishable from the "Mad Man" lure of Plaintiff. In addition, the "Crawbug" lure is packaged in a clear plastic bag suitable for end cap or other hanging display and includes prominent red, with and black lettering and labeling imprinted on the bag.

10. EBSCO and YUM sell the "Crawbug" lure into the same retail market as MOONEYHAM sells the "Mad Man" lure.

11. On information and belief, EBSCO and YUM intentionally copied the "Mad Man" lure in an effort to divert sales away from MOONEYHAM. Because of EBSCO's and YUM's overall dominance in the soft lure market, EBSCO and YUM have been able to usurp MOONEYHAM's position in the marketplace and virtually drive MOONEYHAM out of business.

12. EBSCO and YUM continue to market the "Crawbug" lure and to sell and offer to sell the "Crawbug" lure throughout the United States, including Texas and within the geographical area covered by the United States District Court for the Eastern District of Texas.

## IV.

## CAUSES OF ACTION

A. **First Count: Patent Infringement.**

13. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

14. EBSCO and YUM have been and are currently infringing, contributorily infringing and/or actively inducing the infringement of the '219 Patent by making, offering for sale and/or selling within this judicial district and in the United States, without license or

authority from MOONEYHAM soft lures covered by the claim of the '219 Patent in violation of 35 U.S.C. § 271.

15. Upon information and belief, and upon such information and belief, MOONEYHAM alleges that the infringement by EBSCO and YUM is willful, making this an exceptional case under 35 U.S.C. § 285.

16. Upon information and belief, and upon such information and belief, MOONEYHAM further alleges that the actions of EBSCO and YUM have resulted and are currently resulting in substantial lost sales to MOONEYHAM, substantial unjust profits to EBSCO and YUM, and their unjust enrichment, all in amounts yet to be determined.

17. EBSCO's and YUM's actions have caused and are continuing to cause irreparable harm to MOONEYHAM unless enjoined by the Court.

**B.   Second Count: Palming Off and Unfair Competition in Violation of the Lanham Act.**

18. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

19. By making intentionally copying the product design and distinctive coloring, as well as by utilizing a similar packaging and design, EBSCO and YUM intentionally diverted sales away from MOONEYHAM, essentially driving MOONEYHAM out of business by using in commerce a product design and packaging scheme intended to cause confusion, or to cause mistake, or to deceive as to the source of the "crawbug" lures in violation of Section 43 of the Federal Lanham Act, 15 U.S.C §1125(a). Such actions by EBSCO and YUM have damaged and are likely continue damaging MOONEYHAM in violation of 15 U.S.C §1125(a).

20. EBSCO's and YUM's actions in this regard have resulted and are currently

resulting in substantial damages to MOONEYHAM in an amount yet to be determined.

21. Additionally, such acts are causing irreparable harm to MOONEYHAM and will continue to cause irreparable harm unless enjoined by the Court.

**C.   Count 3: State Law Unfair Competition.**

22. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

23. Plaintiff developed the '219 through the expenditure of extensive time, labor, skill and money. Defendants have, as alleged herein, improperly taken and used Plaintiff's patented products to compete with Plaintiff, thereby giving the Defendants an improper, special competitive advantage, which advantage was obtained because Defendants were burdened with little or none of the expenditures in the time, labor, skill and money incurred by Plaintiff in the creation of the patented products; all of which has and continues to proximately cause commercial damage to Plaintiff.

V.

**EXEMPLARY DAMAGES**

24. Because Defendants have acted maliciously, willfully, and/or in reckless disregard of MOONEYHAM's rights, exemplary damages should be imposed on Defendants in amount to be determined.

VI.

**APPLICATION FOR INJUCNTIVE RELIEF**

25. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

26. MOONEYHAM is entitled to preliminary injunctive relief pursuant to 35 U.S.C.

§ 283 and Defendants should be enjoined from any activities that would cause or contribute to the continued infringement of the '291 Patent.

27. MOONEYHAM can establish a reasonable likelihood of success on the merits as stated herein. MOONEYHAM own title to the subject patent. Defendants are infringing the '291 Patent, which is valid and enforceable. The validity is also presumed since Defendants have not alleged the contrary.

28. If injunctive relief is not granted, MOONEYHAM will suffer irreparable harm. Under applicable law, MOONEYHAM has a limited-in-time right to exclude use of the subject patent. Defendants continued infringement of the '291 Patent will continue to damage MOONEYHAM's position in the marketplace by damaging and continuing to damage MOONEYHAM's business relationships and prospective business relationships, and causing MOONEYHAM to continue to lose its competitive advantage and the goodwill it has created in the marketplace, all of which has been and continue to be devastating to MOONEYHAM. Moreover, it will be difficult to determine the damage to MOONEYHAM in the marketplace for the elements described above if Defendants' continued infringement is not enjoined.

29. Given MOONEYHAM's limited-in-time right to exclude, the serious delay on this right caused by Defendants, the actual and presumed validity of the '291 Patent, the strong likelihood of MOONEYHAM's success on the merits, the balance of hardships in this case strongly favors a preliminary injunction.

30. The public interest in protecting patent rights also favors preliminary injunctive relief, particularly when, as here, MOONEYHAM can establish a strong likelihood of success on the merits.

31. MOONEYHAM respectfully requests an expedited hearing before the Court as

soon as practicable to determine MOONEYHAM's right to a preliminary injunction and the issuance by the Court following such a hearing of a permanent injunction.

## VII.

## ATTORNEYS FEES

32.  MOONEYHAM is entitled to recover reasonable and necessary attorneys fees under applicable law.

## VIII.

## CONDITIONS PRECEDENT

33.  All conditions precedent to MOONEYHAM's right to recover as requested herein have occurred or been satisfied.

## IX.

## JURY DEMAND

34.  Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## X.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendants for the following:

   a.   Actual/economic damages;

   b.   Exemplary/treble damages as allowed by law;

   c.   Permanent injunction;

   d.   Attorney fees;

   e.   Pre-judgment and post-judgment interest as allowed by law;

f.  Costs of suit; and

g.  All other relied to which Plaintiff may show itself justly entitled.

Respectfully submitted,

By: _____
Mary I. Wilson
Attorney-In-Charge
State Bar No. 21704570
OF COUNSEL, LYONS, RHODES & VELA
126 Villita
San Antonio, Texas 78205
(210) 225-5251
E-mail: maryiwilson@lyonsandrhodes.com

Christopher T. Coco
Texas Bar No. 00787261
PROVOST UMPHREY LAW FIRM, L.L.P.
490 Park Street
P.O. Box 4905
Beaumont, Texas 77704
(409) 835-6000 telephone
(409) 838-8888 facsimile
(800) 289-0101 toll free
E-mail: ccoco@provostumphrey.com

Clayton E. Dark, Jr.
State Bar No. 05384500
LAW OFFICES OF CLAYTON E. DARK, JR.
207 E. Frank, Suite 100
P.O. Box 2207
Lufkin, Texas 75902-2207
(936) 637-1733 telephone
(936) 637-2897 facsimile
E-mail: cekrad@yahoo.com

ATTORNEYS FOR PLAINTIFFS